IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIS LOUIS THOMASON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA, JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | Cause No. CV 18-159-M-DLC-JCL<br><br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

This matter comes before the Court on Thomason's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Thomason is a state prisoner proceeding pro se.

**I.     Background**

On December 14, 2018, this Court ordered Thomason to show cause as to why his petition should not be dismissed as time-barred and procedurally defaulted and was informed how he might make such a showing. (Doc. 12 at 4-8.) Thomason timely responded. (Doc. 13.)

In his response, Thomason generally asserts his "severe mental defect" as cause to excuse both his untimely filing and his default. *Id*. at 2-3. Thomason states that had he not suffered from mental health issues, he would not have pled

1

guilty to two counts of Robbery. *Id*. at 3. Thomason also asserts that the State of Montana has imposed a cruel and unusual punishment upon him and, that in viewing all the available evidence in a light most favorable to him, this Court should find Thomason not guilty.

## II. Analysis

As explained below, Thomason's petition should be dismissed with prejudice, because it is untimely and the claims are procedurally defaulted without excuse.

### i. Timeliness

As previously explained to Thomason, the AEDPA imposes a one-year statue of limitations for filing a petition for a federal writ of habeas corpus. 28 U.S.C. §2244; see also, (Doc. 12 at 4-5) (explaining application of federal limitations period). The limitations period begins to run on the date the conviction becomes final. 28 U.S.C. §2244 (d)(1). This limitations period may be equitably tolled in certain circumstance. *Holland v. Florida*, 560 U.S. 631, 647 (2010).

"[A] petitioner is 'entitled to equitable tolling' only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary stood in his way' and prevented timely filing." *Holland,* 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); see also *Miles v. Prunty*, 187 F. 3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of

diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate.") The petitioner bears the burden of showing that this "extraordinary exclusion" should apply and the requirements are "very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F. 3d 1963, 1065-66 (9th Cir. 2002); see also *Waldron Ramsey v. Pacholke*, 556 F. 3d 1008, 1011 (9th Cir. 2009) (characterizing the Circuit's application of equitable tolling doctrine as "sparing" and a "rarity.") Additionally, a petitioner must establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F. 3d 1056, 1060 (9th Cir. 2007).

Cognitive impairments may provide a basis for equitable tolling if the impairment caused the untimely filing. *Spitsyn v. Moore*, 345 F. 3d 796, 799 (2003). The Ninth Circuit established a two-part test to be employed in determining whether equitable tolling is appropriate:

(1) *First*, a petitioner must show his mental impairment was an "extraordinary circumstance" beyond his control, by demonstrating the impairment was so severe that either

   a. petitioner was unable rationally or factually to personally understand the need to timely file, or

   b. petitioner's mental state rendered him unable personally to prepare a habeas petition and to effectuate its filing.

(2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it

> impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.
>
> To reiterate: the "extraordinary circumstance" of mental impairment can cause an untimely habeas petition at different stages in the process of filing by preventing petitioner from understanding the need to file, effectuating a filing of his own, or finding and utilizing assistance to file. The "totality of the circumstance" inquiry in the second prong considers whether petitioner's impairment was a but-for cause of any delay. Thus, a petitioner's mental impairment might justify equitable tolling if it interferes with the ability to understand the need for assistance, the ability to secure it, or the ability to cooperate with or monitor assistance the petitioner does secure. The petitioner therefore always remains accountable for diligence in pursuing his or her rights.

*Bills v. Clark*, 628 F. 3d 1092, 1099-1100 (9th Cir. 2010) (emphasis in original). The *Bills* test "reiterates the stringency of the overall equitable tolling test: the mental impairment must be so debilitating that it is the but-for cause of the delay, and even in cases of debilitating impairment the petition must still demonstrate diligence." *Yow Ming Yeh v. Martel*, 751 F. 3d 1075, 1078 (9th Cir. 2014).

The level of mental impairment necessary to justify equitable tolling is limited to cases of "profound mental incapacity." *United States v. Sosa*, 364 F. 3d 507, 513 (4th Cir. 2004); see also, *Grant v. McDonnell Douglas Corp.*, 163 F. 3d 1136, 11348 (9th Cir. 1998) (finding equitable tolling for a mental condition "only in exceptional circumstances, such as institutionalization or adjudged mental incompetence"); see also, *Forbess v. Franke*, 749 F. 3d 837 (9th Cir. 2014) (allowing equitable tolling to a petitioner who suffered from persistent delusions including his a belief that he was working undercover for the FBI and that his trial

4

was a "sham" organized to lure his ex-wife out of hiding to effectuate her arrest).

Aside from his own assertions, Thomason has provided no additional information regarding the existence of an impairment that would meet the *Bills* standard. See generally, (Doc. 13.) He has provided no evaluations, medical records, or prison records that would establish a severe mental impairment during his federal filing period or during the time period that elapsed after the deadline had passed.

Moreover, upon consideration of the circumstances, Thomason has not established that it was his mental impairment that prevented his timely filing in this Court. Whether on his own, or with assistance, Thomason was able to file a motion to withdraw his guilty plea in the state district court, as well as initiate several appellate proceedings in the Montana Supreme Court. See e.g., (Doc. 12 at 1-2.) Because Thomason has not established that his mental impairment constitutes an extraordinary circumstance, the equitable tolling doctrine is not applicable and cannot serve to render Thomason's petition timely.

    ii.    **Procedural Default**

Before a state prisoner may present a claim to a federal court, he must first exhaust his available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all

constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). The exhaustion requirement prevents the federal court from "upset[ting] a state court conviction" without first allowing the state courts an "opportunity to…correct a constitutional violation." *Rose v. Lundy*, 455 U.S. 509, 518 (1982).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Even if a petitioner's claim is procedurally defaulted, a federal district court may still hear the merits of the claim if the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986). Thomason asserts he is actually innocent and that his guilty plea was a result of his mental impairment. See, (Doc. 13 at 2.)

A colorable claim of actual innocence in this context does not itself provide a basis for relief, but rather serves as a gateway through which petitioner must pass

in order to have his constitutional claims considered. *Schlup*, 513 U.S. at 315. The gateway showing requires a petitioner to demonstrate that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Id.* at 324; see also *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). A gateway showing of actual innocence may be established even though petitioner entered a guilty plea. See *Bousely v. United States*, 523 U.S. 614, 624 (1998); *Vosgien v. Persson*, 742 F. 3d 1131, 1136-37 (9th Cir. 2014). To be credible, a colorable claim of actual innocence requires a petitioner to support his allegations of constitutional error with "new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence" that was not previously presented. *Schlup*, 513 U.S. at 324. The Court is then to consider all of the evidence, old and new, incriminating and exculpatory, in fashioning its decision. *Id.* at 327-28.

Aside from his own conclusory allegations, Thomason has presented the Court with no new evidence to consider. See, (Doc. 13 at 1-2.) Thus, he has failed to make a sufficient showing to overcome the procedural default or persuade the Court, in light of the totality of the evidence, that no reasonable juror would find Thomason guilty of Robbery beyond a reasonable doubt. Because Thomason has not made a colorable showing of actual innocence, this Court cannot excuse the procedural default of his claims.

Thomason's petition should be dismissed with prejudice as time-barred and procedurally defaulted.

### III.    Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Thomason has not made a substantial showing that he was deprived of a constitutional right. Further, because his petition is both time-barred and procedurally defaulted, reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability should be denied.

Based on the foregoing, the Court makes the following:

## RECOMMENDATION

1. The Petition (Doc. 1) should be DISMISSED with prejudice; it is both time-barred and procedurally defaulted.

2. The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT
### TO FINDINGS & RECOMMENDATION
### AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Thomason may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Thomason must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of his case without notice to him.

DATED this 5th day of February, 2019.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Thomason is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.