IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| WILLIS LOUIS THOMASON,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA, JAMES SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Respondents. | CV 18–159–M–DLC–JCL<br><br>ORDER |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendations in this case on February 5, 2019, recommending the dismissal of Petitioner Willis Louis Thomason's Petition (Doc. 1) with prejudice as both time-barred and procedurally defaulted. Thomason timely filed an objection and is entitled to de novo review of those findings and recommendations to which he has specifically objected. 28 U.S.C. § 636(b)(1)(C). Absent objection, this Court reviews findings and recommendations for clear error. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Clear error exists if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

-1-

422, 427 (9th Cir. 2000) (citations omitted). "A party makes a proper objection by identifying the parts of the magistrate's disposition that the party finds objectionable and presenting legal argument and supporting authority, such that the district court is able to identify the issues and the reasons supporting a contrary result." *Montana Shooting Sports Ass'n v. Holder*, 2010 WL 4102940, at *2 (D. Mont. Oct. 18, 2010) (citation omitted).

Judge Lynch determined that Thomason's petition is both time-barred and procedurally defaulted. Both conclusions would individually warrant dismissal of Thomason's petition. Nonetheless, Thomason's objection focuses almost entirely on Judge Lynch's determination that Thomason's petition is time-barred. (*See* Doc. 15 at 1–4.) Rather than attack the basis for Judge Lynch's conclusion that Thomason's claim is procedurally defaulted, Thomason only states that "he is not 'seeking to show innocence' as this Court assumes," he is only trying to show that his attorney failed to give his mental incompetency the attention Thomason believes it deserved. (*Id.* at 4.) As noted by Judge Lynch, Thomason needs to show either "actual innocence" or "adequate legal cause" to overcome the procedural default of his claims. (Doc. 14 at 6 (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995); *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).) Thomason's objection claims he is not attempting to show actual innocence but makes no

attempt at establishing adequate legal cause. (*See* Doc. 15 at 1–4.) Accordingly, his objection is overruled.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 14) are ADOPTED IN FULL and the Petition (Doc. 1) is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 25th day of April, 2019.

Dana L. Christensen, Chief Judge
United States District Court